UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN SABOL, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PAYPAL HOLDINGS, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-05100-JSW<br><br>**ORDER DENYING APPLICATION TO APPEAR PRO HAC VICE FILED BY STEVE W. BERMAN**<br><br>Re: Dkt. No. 19 |

This matter comes before the Court on consideration of Steve W. Berman's application to appear *pro hac vice* on behalf of the Plaintiffs and his response to the Court's request for supplemental information. For the reasons that follow, the Court DENIES the application.

**BACKGROUND**

In his application, Mr. Berman represented that he has been granted pro hac vice admission by the Court one time in the last 12 months. However, when the Court searched his name in its ECF filing system, it showed that Mr. Berman was or had been an attorney in 277 cases in this District. Accordingly, the Court asked for additional information to determine if he was "regularly engaged in the practice of law in the State of California." N.D. Cal. Civ. L.R. 11-3(c).

In response, Mr. Berman attests that because of his work on class actions, he often is "approached by experts, industry participants, and potential clients with case ideas" and works with lawyers under his supervision to "assess and investigate potential matters." (Declaration of Steve W. Berman ("Berman Decl."), ¶ 4.) Once those cases are filed, he states that he often – but not always – relies on his "colleagues to handle the day-to-day aspects of litigation, including discovery, motion practice and hearings for most cases" and does not "typically" appear at hearings. (*Id.*) He also attests that in the last 25 months he has been granted *pro hac vice* status in

eleven (11) cases in California, including *Affinity Credit Union v. Apple Inc.*, No. 22-cv-04174-JSW, pending before the undersigned. (*Id.* ¶ 6.) Mr. Berman also submitted a spread sheet that provides additional detail regarding the 277 cases listed in the Court's ECF filing system. (*Id.* ¶¶ 15-16, Ex. A.)

The Court will address additional facts in the analysis.

## ANALYSIS

"Unless authorized by an Act of Congress or by an order of the assigned Judge, an applicant is not eligible for permission to practice pro hac vice if the applicant … [i]s regularly engaged in the practice of law in the State of California." N.D. Civ. L.R. 11-3(c). In order to determine whether an attorney is "regularly engaged in the practice of law," courts consider factors such as "whether the attorney physically appeared in cases, was responsible for meeting or communicating with clients, was the sole or primary counsel, was having contact with opposing counsel, was signing papers filed with the court, or otherwise arguing cases." *Wang v. Future Motion, Inc.*, 646 F. Supp. 3d 1147, 1149 (N.D. Cal. 2022) (quoting *Nalan v. Access Fin., Inc.*, No. 20-cv-2785-EJD, 2020 WL 12863495, at *2 (N.D. Cal. Oct. 23, 2020)); *see also Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 823-24 (9th Cir. 2009); *Ang v. Bimbo Bakeries, Inc.*, No. 13-cv-1196-WHO, 2015 WL 1474866, at *3 (N.D. Cal. Jan. 14, 2015).

In *Wang*, the court addressed an application from Mr. Berman to appear pro hac vice. It concluded that he had "appeared, argued, and signed briefs" on cases in this District. 646 F. Supp. 3d at 1150. The court also noted that Mr. Berman had described himself as "Lead Counsel" or "Co-Lead Counsel" on the Hagens Berman website for six cases filed in California federal courts. *Id.* at 1151. Ultimately, the *Wang* court concluded that Mr. Berman could not be considered a "one time or occasional" practitioner in California. *Id.* at 1152 (quoting *Frazier v. Heebe*, 482 U.S. 641, 647 (1987)).

It is evident that Mr. Berman is not the "sole" counsel on the cases in which he appears. Mr. Berman attests that he is active in three other cases pending in either the Northern or Central District of California and attests that has signed "several filings in" four cases, including the *Affinity* case cited above. (Berman Decl., ¶¶ 9, 17.) The Court has reviewed the docket in *Affinity*

2

and those "several" filings include substantive matters. Specifically, in addition to signing a certificate of interested entities, Mr. Berman has signed two case management conference statements, an opposition to a motion to stay discovery, a notice of intent to file an amended complaint, and an opposition to a motion to dismiss the amended complaint. (*See Affinity Credit Union v. Apple*, No. 22-cv-4174-JSW, Dkt. Nos. 36-37, 39, 45, 51, 53.) Mr. Berman also attested in the *Wang* matter that if any of the California cases in which he appeared "were to go to trial, [he] would anticipate leading the trial team and appearing for trial." (*Wang v. Future Motion, Inc.*, No. 22-5064-EJD, Dkt. No. 22, Declaration of Steve W. Berman, ¶ 13.)

The Court finds the *Wang* court's analysis persuasive. *Wang*, 646 F. Supp. 3d at 1149-1152. Further, even when it considers the new fact presented in Exhibit A to Mr. Berman's declaration, the Court cannot say that the scope of Mr. Berman's practice in California is as a "one time or occasional" practitioner. Instead, it supports a conclusion that he is "regularly engaged in the practice of law in California."

Accordingly, the Court DENIES his application.

**IT IS SO ORDERED**.

Dated: December 13, 2023

_____
JEFFREY S. WHITE
United States District Judge