# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFRONIA
## OAKLAND DIVISION

| | |
|---|---|
| CHRISTIAN SABOL and SAMANTHIA RUSSELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PAYPAL HOLDINGS, INC., a California Corporation, PAYPAL, INC., a California Corporation,<br><br>Defendants. | Case No. 4:23-cv-5100-JSW<br><br>**ORDER GRANTING MOTION TO APPOINT LOCKRIDGE GRINDAL NAUEN P.L.L.P. AND HAGENS BERMAN SOBOL SHAPIRO LLP AS INTERIM CO-LEAD COUNSEL** |

This matter comes before the Court upon consideration of the Motion for Appointment of Lockridge Grindal Nauen P.L.L.P. and Hagens Berman Sobol Shapiro LLP as Interim Co-Lead Counsel filed by Plaintiffs. Defendants have not opposed the motion.

The Court has considered the Plaintiffs' motion, the lack of opposition, and relevant legal authority, and it VACATES the hearing set for March 15, 2024 and GRANTS the motion.

The Court finds, based on review of Plaintiffs' Motion that Co-Lead Counsel meet the criteria set forth in Fed. R. Civ. P. 23(g)(1) and that Co-Lead Counsel have performed substantial work on behalf of the proposed classes, have sufficient experience and applicable knowledge necessary to effectively represent the proposed classes, and have substantial resources to commit to representing the proposed classes in this action.

Pursuant to Fed. R. Civ. P. 23(g), Plaintiffs' efforts in this case shall be led by a two-firm group of co-lead counsel comprised of: Lockridge Grindal Nauen P.L.L.P. and Hagens Berman Sobol Shapiro LLP (collectively "Co-Lead Counsel").

1

ORDER GRANTING MOTION TO APPOINT LOCKRIDGE GRINDAL NAUEN P.L.LP. AND HAGENS BERMAN SOBOL SHAPIRO LLP AS INTERIM CO-LEAD COUNSEL
CASE NO. 4:23-CV-5100-JSW

Co-Lead Counsel shall have responsibility for, and authority over, the following matters for this case and any related cases:

a. The initiation, response, scheduling, briefing, and argument related to all pleadings or motions;

b. The scope, order, and conduct of all discovery proceedings;

c. Communicating with the Court, Defense Counsel, and all Plaintiffs and Plaintiffs' Counsel;

d. Ensuring all work by Plaintiffs' Counsel is in the best interest of the Plaintiffs and the proposed Classes and are based on the qualifications and expertise of the persons assigned particular tasks or responsibilities, counsel's knowledge of the law, facts and issues, efficiency and cost-effectiveness;

e. Directing, supervising and monitoring the activities of additional Plaintiffs' Counsel, if any, and implementing procedures to ensure that schedules are met and unnecessary expenditures of time and funds by counsel are avoided;

f. Employing and consulting with experts;

g. Conducting settlement discussions with Defense Counsel on behalf of the Plaintiffs and the proposed Classes to resolve this litigation as Co-Lead Counsel deem appropriate and subject to approval of this Court where required;

h. Assessing litigation costs, as appropriate, and to collect such assessments;

i. Reviewing time, lodestar, and expense reports from each Plaintiffs' Counsel, including paralegals and other staff members;

j. Allocating attorneys' fees and costs among Plaintiffs' Counsel; and

k.  Overseeing the conduct of the litigation so that it proceeds smoothly and efficiently and performing such other duties as necessary or as authorized by further order of the Court.

**IT IS SO ORDERED.**

DATED: February 20, 2024

By: /s/ Jeffrey S. White
HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE