UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTIAN SABOL, et al.,

        Plaintiffs,

    v.

PAYPAL HOLDINGS, INC., et al.,

        Defendants.

Case No. 23-cv-05100-JSW

**NOTICE OF QUESTIONS FOR HEARING ON DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 82

      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING NOTICE OF QUESTIONS FOR THE HEARING SCHEDULED ON March 27, 2026, AT 9:00 a.m.  The parties should not simply reargue matters addressed in their briefs, and they shall not file written responses to this Notice of Questions.  If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to file a notice listing those authorities, with pin cites and without argument, by no later than 4:00 p.m. on March 26, 2026.  The parties will be given the opportunity at oral argument to explain their reliance on such authority.  The Court will make exceptions only for authority decided after that deadline.  *Cf.* N.D. Civil Local Rule 7-3(d).

      1.     Plaintiffs refer to online merchants that accept PayPal as conspirators.  Do Plaintiffs rely on a hub-and-spoke theory of conspiracy?

      2.     Plaintiffs allege competing gateways charge transaction fees that exceed 2% of each transaction but which are lower than PayPal's fee, which currently is 3.49%.  (Second Amended Complaint ¶ 35.)  For purposes of this question, the Court will utilize a 2% transaction fee for competing payment gateways.  It will also accept as true Plaintiffs' allegations that any merchant who accepts PayPal bakes the amount of PayPal's larger transaction fee into their

United States District Court
Northern District of California

pricing. Are Plaintiffs arguing it is reasonable to infer from those facts that online retail prices are at least 1.49% higher than they would be absent PayPal's antidiscrimination rules?

3. Plaintiffs allege that it can cost as low as $29.00 per month to operate a website and that PayPal's transaction fees can dwarf that cost. What is their best argument that the cost of operating a website equates to the cost of running an online retail shop. *See e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 679 ("Determining whether a complaint states a plausible claim for relief will, …, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

4. Plaintiffs still have not amended the allegations relevant to their discount theory. In their opposition, Plaintiffs assert they have not abandoned the theory and "reserve all arguments" on it. (Opp. Br. at 6 n.3.) Is that statement meant to convey Plaintiffs are preserving the argument for an appeal?

5. Are there any other issues the parties wish to address, given the Court's admonition to not simply re-argue their briefs.

**IT IS SO ORDERED**.

Dated: March 24, 2026

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

2