UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN SABOL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PAYPAL HOLDINGS, INC., et al.,<br><br>Defendants. | Case No.  23-cv-05100-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 82 |

Now before the Court for consideration is the motion to dismiss filed by PayPal Holdings, Inc. and PayPal, Inc. (collectively "PayPal").  The Court has considered the parties' papers, relevant legal authority, the record in this case, and the parties' arguments at the hearing.  The Court HEREBY GRANTS PayPal's motion, without further leave to amend.

**BACKGROUND**

The Court has recited the facts underlying this dispute in two orders dismissing earlier iterations of Plaintiffs' complaints.  *See Sabol v. PayPal Holdings, Inc.*, 2024 WL 3924686 (N.D. Cal. August 23, 2024) ("*Sabol I*"); *Sabol v. PayPal Holdings, Inc.*, No. 23-cv-5100-JSW, Dkt. No. 79 ("*Sabol II*").  The Court granted PayPal's motion to dismiss Plaintiff's Sherman Act claim in the original complaint on the basis that Plaintiff failed to allege antitrust standing, and it dismissed the claims under California's Cartright Act and the Unfair Competition Law because Plaintiff failed to state a Sherman Act claim.  *Sabol I*, 2024 WL 3924686, at *4.

The Court dismissed the Sherman Act claim in the first amended complaint because Plaintiffs failed to plead facts showing PayPal had market power in the alleged "eCommerce retail market."  *Sabol II* at 7:16-8:14.  The Court also concluded Plaintiffs still failed to allege antitrust standing because they failed to show their injuries were neither indirect nor speculative.  *Id.* at 8:14-10:11.  Plaintiffs timely filed the Second Amended Complaint ("SAC"), and PayPal again

moves to dismiss.

## ANALYSIS

The Court evaluates PayPal's motion pursuant to Federal Rule of Civil Procedure 12(b)(6). *See City of Oakland v. Oakland Raiders, Inc.*, 20 F.4th 441, 452 (9th Cir. 2021) (distinguishing antitrust standing from Article III standing); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (statutory standing is evaluated under Rule 12(b)(6)).  A court accepts a plaintiff's allegations and reasonable inferences therefrom as true.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's obligation to provide the grounds of their "entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] … Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555 (citations omitted).  "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

A court generally should grant a plaintiff leave to amend.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  However, if a plaintiff has previously amended and failed to correct deficiencies, a court's "discretion to deny leave to amend is particularly broad[.]" *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

PayPal argues Plaintiffs still fail to allege they have antitrust standing.  The Court agrees.  Even assuming Plaintiffs sufficiently allege antitrust injury with their amendments to PayPal's alleged market power, the Court concludes the remaining amendments do not remedy its conclusions that Plaintiffs fail to allege their injuries are sufficiently direct and nonspeculative.  The facts here differ from the *Amazon.com* cases on which Plaintiffs have relied because in those cases Amazon.com also sold goods and services and the agreements at issue bore directly on the prices charged by other eCommerce retailers.

United States District Court
Northern District of California

The Court also concluded that Plaintiffs' allegations were insufficient to allege antitrust standing because they failed "to allege facts that explain the significance of the passed-on transaction fees relative to the other numerous pricing factors for any goods or services Plaintiffs allegedly purchased." *Sabol*, 2024 WL 3924686, at *3. Plaintiffs include two new paragraphs alleging that the overall cost of building and running a new eCommerce website is approximately $29, which Plaintiffs allege is dwarfed by the size eCommerce merchants pay in transaction fees. (SAC ¶¶ 76-77.) But, as the Court previously stated, at least some of the sources cited by Plaintiffs in the SAC about the eCommerce market suggest other costs may be as high or higher than transaction fees. (*See, e.g.,* SAC ¶ 79 & n. 68, ¶ 92 n.100.) The Court also concludes that Plaintiffs' allegations regarding a separate market for eCommerce payment processing services does not change the analysis. *See, e.g., Oliver v. American Express Co.*, No. 19-cv-566 (NGG) (SMG), 2020 WL 2079510, at *9-*11 (finding consumer plaintiffs failed to sufficiently allege injuries caused by defendant's anti-steering rules were direct, rather than incidental, and were non-speculative). Accordingly, the Court GRANTS PayPal's motion to dismiss the Sherman Act claim for lack of antitrust standing, without further leave to amend.

The Court dismissed the Plaintiffs' state law claims without prejudice to providing additional allegations to support the amount in controversy necessary to establish jurisdiction under the Class Action Fairness Act. PayPal did not address this issue in its motion, but the Court must be satisfied that it would have jurisdiction to consider those claims. Plaintiffs now allege that "[t]he eCommerce market in the United States is estimated to be worth $1.25 trillion in 2025. As of 2023, PayPal was accepted at approximately 83% of the top 1000 retailers, and more than 73% of online merchants accept PayPal. Huge volumes of ecommerce are thus affected by PayPal's Anti-Steering Rules." (SAC ¶ 15.) Plaintiffs allege how often they purchase items online, but they do not allege how much they have spent nor do they provide any facts about the nature of the overcharge they are alleged to have paid. (*Id.* ¶¶ 18-23.) Accordingly, the Court concludes Plaintiffs still fail to allege facts to show this Court has jurisdiction under CAFA. Having dismissed the only federal claim, the Court declines to exercise its discretion over the state law claims.

**CONCLUSION**

The Court GRANTS PayPal's motion and DISMISSES the Sherman Act claim with prejudice.  The Court dismisses the state law claims without prejudice for lack of subject matter jurisdiction.  The Court will issue a separate judgment, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: August 12, 2026

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

4